# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CIVIL ACTION NO. 5:14-CV-00231-TBR

JOSHUA T. FOX,                                                                                                    Plaintiff,

v.

ADAM WOFFORD, *et al.*,                                                                                    Defendants.

## MEMORANDUM OPINION AND ORDER

Joshua T. Fox, proceeding *pro se* and *in forma pauperis*, filed this lawsuit against four law-enforcement officers for allegedly violating a number of his constitutional rights. When Fox brought this action, he listed the Crittenden County Detention Center as his current address. During the pendency of this litigation, however, Fox relocated but omitted to inform the Clerk of the Court and then absconded from parole. Concluding that Fox had abandoned his claims, the Court dismissed them with prejudice. Now, Fox has returned to the Crittenden County Detention Center and asks the Court to reopen his case. Because Fox is not entitled to relief under Federal Rule of Civil Procedure 60(b), his Motion to Reopen Case (R. 25) is **DENIED**.

## I.

On December 29, 2014, Joshua T. Fox, a state inmate proceeding *pro se* and *in forma pauperis*, filed this action against four law-enforcement officers under 42 U.S.C. § 1983. *See* R. 1 at 4–9 (Complaint). Fox says that the officers denied him due process, searched his home without a warrant, and used excessive force to effectuate his arrest. *Id.* Upon conducting its initial review, the Court allowed those allegations to proceed, *see* R. 6 at 1 (Memorandum Opinion and Order of May 1, 2015), entered an appropriate scheduling order, *see* R. 7 at 1–4 (Scheduling Order), and directed the Clerk of the Court

1

on May 1, 2015 to send Fox a copy of each. The Clerk of the Court mailed those materials to Fox's address at the Crittenden County Detention Center, but the envelope was returned on May 11, 2015 with a notation that Fox no longer resided there. *See* R. 10 at 1 (Return Receipt).

The four officers asked the Court to dismiss Fox's action two months later, a request which this Court granted on August 27, 2015. *See* R. 18 (Order of August 27, 2015). Fox's failure to notify the Court of his present whereabouts, along with the fact that he had absconded from parole, demonstrated that he had effectively abandoned his case. *Id.* at 1–2; *see also* LR 5.2(d) ("All pro se litigants must provide written notice of a change of address to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Accordingly, the Court dismissed Fox's action with prejudice under Federal Rule of Civil Procedure 41(b). *See* R. 18 at 2.

Nearly four months later, and apparently back in custody at the Crittenden County Detention Center, Fox sent the Clerk of the Court a letter asking the Court to reopen his case. *See* R. 25 at 1 (Motion to Reopen Case). Mindful of its obligation to construe *pro se* documents liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court takes Fox's letter to be a motion for relief from judgment filed under Federal Rule of Civil Procedure 60(b)(1) and (6), *see Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) (per curiam) (construing *pro se* letter as Rule 60(b) motion). The officers oppose Fox's motion. *See* R. 26 at 1–3 (Response in Opposition).

## II.

On timely motion, Federal Rule of Civil Procedure 60(b) permits the Court to grant relief from a final judgment for "excusable neglect" or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). To determine if neglect is excusable under Civil Rule 60(b)(1), the Court weighs several equitable factors, including "the length of the delay, the reason for the delay, whether the movant acted in good faith, the potential impact of the delay on judicial proceedings, and the danger of prejudice to the other party." *Capitol Indem. Corp. v. Jellinick*, 75 F. App'x 999, 1001 (6th Cir. 2003) (citing *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 386 (6th Cir. 2001)). If relief is not warranted under Civil Rule 60(b)(1), then the Court looks to the "catch-all provision" of Civil Rule 60(b)(6). *See Henness v. Bagley*, 766 F.3d 550, 553 (6th Cir. 2014) (citing *McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 750 (6th Cir. 2013)). Civil Rule 60(b)(6) applies "in exceptional or extraordinary circumstances where the principles of equity mandate relief." *Id.* at 553–54 (citing *McGuire*, 738 F.3d at 750). Under either subsection, the Court exercises considerable discretion. *See Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

## III.

Fox asks the Court to vacate its earlier order of dismissal. In support of his request, Fox claims he was transferred from the Crittenden County Detention Center to a halfway house on May 1, 2015 with the (erroneous) understanding that his mail would be forwarded to that location. *See* R. 25 at 1. Because his mail was not forwarded, *see* R. 10 at 1, and because he provided no notice of his new address, Fox never received papers related to this litigation, *see* R. 25 at 1. His lack of notice, Fox says, explains his failure

to prosecute this case and warrants relief. *See* R. 25 at 1. Respectfully, the Court disagrees.

Fox has not shown that his neglect in prosecuting this action is excusable under Civil Rule 60(b)(1). Despite filing this lawsuit in December 2014, Fox made no effort to ascertain its status until November 2015—a delay of some eleven months. *See* R. 20 at 1 (Letter to Clerk of the Court). While Fox attributes that delay to his lack of notice, *see* R. 25 at 1, it is the litigant, "not the court, who bears the burden of apprising the court of any changes to his or her mailing address," and of "monitor[ing] the court's docket" regardless. *Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012); *see also Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008) ("[A]ll litigants, including pro se litigants, are responsible for maintaining communication with the court and monitoring the status of their lawsuit as necessary." (citing *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005); *Easley v. Kirmsee*, 382 F.3d 693, 697–98 (7th Cir. 2004); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988))). While the prejudice to the officers is not overwhelming, the Court cannot say Fox acted in good faith. "Absconding from parole and failing to inform the Court of where he resides may be considered 'willfulness, bad faith and fault.'" *Barker v. Wayne City Mich. Police Dep't*, No. 06-13079, 2007 WL 3203121, at *2 (E.D. Mich. Oct. 31, 2007). The Court concludes Fox has displayed a lack of the diligence required to support a finding of excusable neglect. No "exceptional circumstances" are present to warrant relief under Civil Rule 60(b)(6) either.

## IV.

**IT IS HEREBY ORDERED** that Plaintiff Joshua T. Fox's Motion to Reopen Case (R. 25) is **DENIED**.

**IT IS SO ORDERED.**

Date:

cc: Counsel of Record
Plaintiff, *pro se*